UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Defendants. | No.  2:15-cv-01286 GGH<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court finds the petition does not allege that petitioner has exhausted his state court remedies and accordingly will order him to show cause why the petition should not be dismissed.  The court will also deny petitioner's motion for appointment of counsel and recommend that his motion for stay and abeyance be denied.

I.	Order to Show Cause

Petitioner was convicted of burglary, as well as murder and robbery with a gun enhancement in Sacramento County Superior Court on November 18, 2011. ECF No. 1 at 2.  The court sentenced petitioner to life without parole. Id.  Petitioner then appealed his conviction to the California's Third District Court of Appeal, arguing that (1) "the trial court erred in responding to the jury question;" (2) "the trial court erred in receiving the testimony of Ms. Gates;" and (3) "Ms. Reed told her that [petitioner] had set up the robbery, burglary, [and]

1

1   murder." Id. at 10.  Petitioner's appeal was denied on September 24, 2014.  Id.  The petition does
2   not indicate that petitioner ever appealed the appellate court's decision to the California Supreme
3   Court.

4   Petitioner filed the instant petition for writ of habeas corpus on June 18, 2015.  Petitioner
5   does not claim his confinement violates any particular provision of the Constitution or federal
6   law.  However, petitioner does assert that his petition should be granted based on (1) actual
7   innocence; (2) judicial bias; and (3) ineffective assistance of counsel ("IAC").  Id. at 12.  The
8   court construes the foregoing claims to be attacking petitioner's confinement based on his
9   Fourteenth Amendment right to due process and Sixth Amendment right to counsel.

10  The exhaustion of state court remedies is a prerequisite to the granting of a petition for
11  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived
12  explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may
13  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the
14  highest state court with a full and fair opportunity to consider all claims before presenting them to
15  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
16  1083, 1086 (9th Cir. 1985).

17  It is not enough that all the facts necessary to support the federal claim were before the
18  state courts, Picard, 404 U.S. at 277, or that a somewhat similar state-law claim was made.  See
19  Duncan v. Henry, 513 U.S. 364, 366 (1995).  The habeas petitioner must have "fairly presented"
20  to the state courts the "substance" of his federal habeas corpus claim.  Picard, 404 U.S. at 275,
21  277–78; see also Rose v. Lundy, 455 U.S. 509, 520 (1982).  Petitioner has the burden of proving
22  exhaustion of state court remedies and in California a petitioner must present his claims to the
23  California Supreme Court.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v.
24  Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

25  Again, petitioner does not allege that he appealed his case to the California Supreme
26  Court, or filed a habeas corpus petition in that court.  This, in and of itself, is enough to establish
27  that petitioner has not exhausted his state court remedies.  See Cartwright, 650 F.2d at 1104.  The
28  court also finds, however, that petitioner did not exhaust his claims in California's intermediate

1 court. Petitioner describes his claims at the appellate court briefly, in list form. Based on
2 petitioner's description the court cannot conclude that he fairly presented his claims to the
3 California Courts of Appeal. Accordingly, the court will order petitioner to show cause why his
4 petition should not be dismissed for failure to exhaust his state court remedies.

5 II.     Motion for Stay and Abeyance

6 The court will also recommend that petitioner's motion for stay and abeyance be denied
7 because he has not satisfied the Rhines factors. Motions for stay and abeyance are typically filed
8 in cases with habeas petitions raising a mixture of exhausted and unexhausted claims (known as
9 mixed petitions). As a general matter, courts must dismiss such petitions entirely. Lundy, 455
10 U.S. at 510. The court cannot simply dismiss the unexhausted claims while proceeding on the
11 exhausted ones separately. See id. This has the potential to create serious statute of limitations
12 problems for petitioners who are required to pursue their unexhausted claims in state court.
13 While the petitioner safely litigates his unexhausted claims, see 28 U.S.C. § 2244 (d)(2) (tolling
14 AEDPA's 1-year statute of limitations during the pendency of state post-conviction review), the
15 statute of limitations on the exhausted claims could run.[1]

16 In recognition of this potential barrier to relief, the United States Supreme Court has
17 outlined standards by which a petitioner might have his petition stayed and his exhausted claims
18 held in abeyance while he pursues his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277–
19 78 (2005). A motion for stay and abeyance is available as long as (1) good cause is shown for a
20 failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially
21 have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in
22 pursuing the litigation. Id. However, he court has determined that the petition includes only
23 unexhausted claims and accordingly, an order to stay and abey would not be appropriate.
24 Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)[2]

25

---

[1] Although the statute of limitations on habeas claims is tolled while they are pursued in state court, it continues to run while they are pursued in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

[2] Even if the petition was a mixed one, however, the court would still deny petitioner's motion because it does not address any of the Rhines factors.

If petitioner wishes to stay this action he must first respond to the court's order to show cause and explain which of his claims are exhausted, if any, and which are unexhausted. Then, petitioner can file a motion addressing the Rhines factors. In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070–71. The King stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious, but such a procedure may entail statute of limitations problems.

III.   Motion for Appointment of Counsel

Finally, petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the foregoing, THE COURT HEREBY ORDERS petitioner to show cause why the petition should not be dismissed with prejudice for failure to exhaust his state court remedies.

THE COURT FURTHER ORDERS that:

1. Petitioner's motion for appointment of counsel, ECF No. 3, is DENIED; and
2. The Clerk of the Court randomly assign a United States District Judge to this action.

4

Finally, THE COURT RECOMMENDS that petitioner's motion for stay and abeyance, ECF No. 2, be DENIED.

These findings and recommendations are submitted to the United States District Judge to be assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

Dated: July 18, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/owen1286.osc.f&r