UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS, | No. 2:15-cv-01286-KJM-GGH |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 20, 2015, the court ordered petitioner to show cause why the petition should not be dismissed without prejudice for failure to exhaust his state court remedies. ECF No. 7. On August 3, 2015, petitioner filed a response to the court's order to show cause. ECF No. 9. The court finds that petitioner has not shown that he has exhausted his state court remedies and accordingly, will recommend that his petition be dismissed.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

1

1083, 1086 (9th Cir. 1985).

It is not enough that all the facts necessary to support the federal claim were before the state courts, Picard, 404 U.S. at 277, or that a somewhat similar state-law claim was made. See Duncan v. Henry, 513 U.S. 364, 366 (1995). The habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Picard, 404 U.S. at 275, 277–78; see also Rose v. Lundy, 455 U.S. 509, 520 (1982). Petitioner has the burden of proving exhaustion of state court remedies and in California a petitioner must present his claims to the California Supreme Court. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

Petitioner concedes that his habeas claims are currently pending before the California Court of Appeals. ECF No. 9 at 1 ("Petitioner Kenneth O. Owens is a state prisoner currently proceeding pro se *with a pending habeas corpus in the appellate court . . . .*"), 3 ("[T]he matter is currently pending in appellate court . . . ."). However, he argues that his petition should not be dismissed because (1) his claims are based on newly discovered evidence and (2) his counsel at the appellate level neglected to assert his claims. Id. at 2–3. While these arguments might help explain a failure to comply with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) one year statute of limitations, they are irrelevant to petitioner's failure to exhaust his state court remedies. Accordingly, the court finds that petitioner has not exhausted his state court remedies and will recommend his petition be dismissed without prejudice to re-filing once he has.

In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that the petition, ECF No. 1, be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge to be assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

Dated: October 19, 2015

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

/owen1286.dism