UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS,<br><br>          Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>          Respondents. | No.  2:15-cv-01286 KJM GGH<br><br>FINDINGS & RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for stay and abeyance on June 18, 2015.  ECF Nos. 1, 2.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On July 20, 2015, the undersigned (1) ordered petitioner to show cause why the petition should not be dismissed for failure to exhaust his state court remedies, and (2) recommended that his motion for stay and abeyance be denied.  ECF No. 7.  On August 3, 2015, petitioner filed objections to the findings and recommendations.  ECF No. 9.  In those objections petitioner conceded that his claims had not been exhausted, as they were pending before the California Courts of Appeal.  Id. at 1.  On October 8, 2015, the presiding district judge adopted the findings and recommendations and referred the matter back to the undersigned for resolution of the order to show cause.  ECF No. 10.  On October 19, 2015, the court recommended that the petition be

1

1 dismissed without prejudice in light of petitioner's concession that none of his claims had been
2 exhausted. ECF No. 11. The court adopted the undersigned's findings and recommendations on
3 January 12, 2016. ECF No. 12.

4     On January 28, 2016, petitioner filed a letter stating the following:

5         I'm responding to the judgment entered 1-12-16[.] I asked for a stay
6         of abeyance on 7-20-15 and which it was denied. I responded to the
        denial and was dismissed without prejudice because I am still
7         exhausting my state remedies. So once I exhaust my state remedies
        I can refile my habeas appeal? Because I wasn't filing my habeas I
8         was asking for a stay of abeyance. So thank you and god bless.

9 ECF No. 14. It is unclear what petitioner is requesting, if anything, from this filing. It is possible
10 that petitioner is simply seeking clarification regarding the dismissal of his petition. In short, the
11 court dismissed the petition because the petitioner has not exhausted his state court remedies.
12 Petitioner seems to believe that his motion for stay and abeyance should have been granted.
13 Motions for stay and abeyance, however, are filed in cases with habeas petitions raising a mixture
14 of exhausted and unexhausted claims (known as mixed petitions). They allow a petitioner to
15 pursue his unexhausted claims in state court while his exhausted claims remain stayed in federal
16 court, ensuring they do not become barred by the Antiterrorism and Effective Death Penalty Act
17 of 1996's (AEDPA) statute of limitations. Rhines v. Weber, 544 U.S. 269, 277–78 (2005); see
18 also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). As petitioner again concedes in the
19 pending filing, *none* of his claims are exhausted. Accordingly, a motion for stay and abeyance
20 simply does not apply to his petition at this point, as the totally unexhausted petition must be
21 dismissed. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Petitioner may re-file his petition
22 once his claims are exhausted, but he will receive no tolling on the AEDPA statute of limitations
23 for filing this premature federal petition.

24     To the extent petitioner is seeking relief from the court's judgment, the court will
25 recommend that the motion be denied. Motions for relief from judgment can be made on a
26 variety of grounds, including:

27         (1) mistake, inadvertence, surprise, or excusable neglect;
28         (2) newly discovered evidence that, with reasonable diligence,

      could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner has not asserted any of the aforementioned grounds for relief from judgment, much less made an argument establishing such relief is warranted.

    In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that petitioner's January 28, 2016, letter (ECF No. 14) be DENIED to the extent is constitutes a motion for relief from judgment.

    These findings and recommendations are submitted to the presiding United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

Dated: February 8, 2016

                              /s/ Gregory G. Hollows

                              UNITED STATES MAGISTRATE JUDGE

/GGH17; owen1286.recon