UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | No. 2:15-cv-01286 KJM GGH P<br><br><br><br>ORDER |

*Procedural History*

    Petitioner, a state prisoner proceeding in pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for stay and abeyance on June 18, 2015. ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 18, 2015, the undersigned issued an Order and Findings and Recommendations ordering petitioner to show cause why the petitioner should not be dismissed for failure to exhaust his state court remedies and recommended that his motion for stay and abeyance be denied. ECF No. 7. On October 7, 2015, the Findings and Recommendations were adopted by the presiding District Judge and the resolution of the order to show cause was referred back to the undersigned. ECF No. 10. On October 19, 2015, the undersigned recommended that the petition be dismissed without prejudice due to petitioner's failure to exhaust his claims, which the presiding District

1

Judge adopted on January 11, 2016. ECF Nos. 11, 12. On January 28, 2016, petitioner filed a letter that the court construed as a motion for relief from judgment. ECF Nos. 14, 15. On February 8, 2016, the undersigned found that petitioner did not meet the necessary requisites for that relief and accordingly recommended that the petition be dismissed. ECF No. 15. Shortly after the filing of the Findings and Recommendations, the Ninth Circuit Court of Appeals decided Mena v. Long, 813 F.3d 907 (9th Cir. 2016). Consequently, on March 18, 2016 the presiding District Judge referred the matter back to the undersigned for further consideration as to whether petitioner qualified for stay and abeyance under Mena. ECF No. 16. On March 28, 2016, the undersigned ordered petitioner to file a second motion for relief from judgment, if any, within 30 days. ECF No. 17. Petitioner was further notified that if no motion was filed, the court would reconsider the existing motion for relief from judgment, ECF No. 14, in light of Mena. ECF No. 17. After no renewed motion for relief from judgment was filed by petitioner, the undersigned withdrew its February 8, 2016 findings and recommendations and recommended that the court grant petitioner a stay and hold his pending petition in abeyance until the pending state court exhaustion proceedings had been completed. ECF No. 18. Prior to the presiding District Judge adopting the February 8, 2016 Findings and Recommendations and granting petitioner a stay and holding the petition in abeyance, ECF No. 20, petitioner filed his first amended petition acknowledging that he had completed exhausting all his claims with the state. ECF Nos. 23, 24, 25. Petitioner was granted a stay of this proceeding on January 5, 2017. ECF No. 20. The court now lifts the stay.

*The First Amended Petition*

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory

Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Here, it is unclear to the court which federal claims petitioner is seeking to raise in his petition. Reviewing the petition and supporting documentation, it appears to the court that petitioner is seeking to raise exhausted and unexhausted claims as well as state law claims. However, it is confusing to decipher petitioner's claims in its current form. Accordingly, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must clearly set forth each federal claim for relief and summarize the facts he alleges support each of the identified claims. Petitioner should do his best to utilize headings to clearly delineate one claim from the next. Moreover, petitioner must show that each federal claim he raises in his amended petition has been properly exhausted through his state court remedies.

Finally, petitioner is not required to append exhibits to his petition. However, to avoid duplication on the court's docket, if petitioner wishes to append the exhibits from his first amended petition (ECF No. 23) to his second amended petition, he may ask the Clerk of the Court to do so.

*Conclusion*

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

2. Any amended petition must bear the case number assigned to this action and the title "Second Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus used by this district.

Dated: January 24, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3