UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS JR.,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Respondents. | No. 2:15-cv-01286 KJM GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

    Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

    On January 5, 2017, petitioner was granted a stay of this proceeding pending exhaustion of his state court remedies. ECF Nos. 18 (Findings and Recommendations filed on October 31, 2016), 20 (Order Adopting Findings and Recommendations filed on October 31, 2016). Prior to the grant of the stay, petitioner filed his first amended petition acknowledging that he had fully exhausted his claims in state court. ECF No. 20. On January 24, 2019, the undersigned dismissed the first amended petition for failing to comply with Rule 2 of the Rules Governing Section 2254 Cases and granted petitioner thirty days to file an amended petition. ECF No. 26. Petitioner has filed his second amended petition. ECF No. 29.

1

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. The present petition on its face clearly indicates that the headlined claims have not been presented to the California Supreme Court, either by way of direct review petition, or state habeas corpus. The argument section in the petition contains a myriad of other claims, sub-claims or simply critical observations, most of which appear unexhausted. The court has given petitioner every opportunity to exhaust his claims. The undersigned now finds that further opportunities would be futile. Moreover, there is no allegation that state court remedies are no longer available to him.

Good cause appearing, IT IS HEREBY ORDERED that petitioner is granted leave to proceed in forma pauperis (ECF No. 31); and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any response to the objections shall be filed

////
////
////
////

and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 9, 2019

<u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE